UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br>v.<br><br>KELLY MCCANDLESS,<br><br>      Defendant. | Case No. 4:22-cr-00032-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is a Motion for Extension of Time to Voluntarily Surrender filed by Defendant Kelly McCandless. Dkt. 103. The Government opposed the Motion (Dkt. 104) and McCandless filed a reply (Dkt. 105).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will rule on the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii).[1]

For the reasons outlined below, the Court DENIES McCandless's Motion for Extension (Dkt. 103).

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice.").

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

In February 2022, McCandless was indicted on four counts of wire fraud and four counts of aggravated identity theft stemming from his conduct in seeking disbursements from a bank under a loan agreement related to a construction project. In the indictment, the Government asserted, generally, that McCandless forged and/or falsified invoices from subcontractors and vendors to artificially inflate his disbursement requests, then spent his ill-gotten gains on personal expenses and recreational vehicles. Dkt. 1.

After a roughly two-week jury trial, McCandless was found guilty of all counts contained in the indictment. Dkt. 57. At the subsequent sentencing hearing, the Court sentenced McCandless to sixty-five months of imprisonment, thirty-six months of supervised release, a special assessment, and a fine. It also allowed McCandless to voluntarily surrender to the Bureau of Prisons (the "BOP") upon notice, instead of turning him over to BOP custody at the end of the hearing.

The nature of McCandless's offenses is such that the Court must make a restitution determination. *See* 18 U.S.C. § 3663A. This is sometimes done as part of sentencing. However, because the parties contested various other aspects relevant to McCandless's sentence, the Court ordered that McCandless would pay restitution, but held open the final amount—opting instead to address that in a separate hearing. While that hearing is not yet scheduled, it is imminent.

McCandless recently received notice that he is to self-surrender on August 20, 2024. He now asks the Court to push back his surrender date until after his restitution hearing because, he asserts, he needs to be present for that hearing and he needs to be available to

assist counsel in preparing for that hearing. Dkt. 103, at 1.

## III. LEGAL STANDARD

"A defendant has the right to be present at every stage of the trial." *United States v. Rosales-Rodriguez*, 289 F.3d 1106, 1109 (9th Cir. 2002). That right has both constitutional and statutory roots. *Id.* "The constitutional right, which is the right to be present at every 'critical stage' of the trial, is based in the Fifth Amendment Due Process Clause and the Sixth Amendment Right to Confrontation Clause." *Id.* (cleaned up). The statutory right comes from Federal Rule of Criminal Procedure 43(a), which states that the defendant must be present at "every trial stage, including . . . sentencing." Fed. R. Crim. P. 43(a)(2)–(3).

A defendant's absence from a proceeding violates due process "to the extent that a fair and just hearing would be thwarted by such absence, and to that extent only." *United States v. Samuel*, 663 F. App'x 508, 514 (9th Cir. 2016) (cleaned up). Similarly, "if there is no reasonable possibility that prejudice resulted from [the defendant's absence,]" then his absence does not violate his statutory rights either. *United States v. Marks*, 530 F.3d 799, 813 (9th Cir. 2008). For example, in *Samuel*, the Ninth Circuit held that where a defendant participated in a restitution hearing via video conference, neither her constitutional rights nor her statutory rights were violated because she was able to present her case, testify in her defense, and make other arguments. 663 F. App'x at 513–14.

## IV. DISCUSSION

McCandless has a right to be present at the upcoming restitution hearing. But that right is not threatened by his surrender to BOP custody. Incarcerated defendants are regularly returned to court to be present at hearings. McCandless has introduced no

MEMORANDUM DECISION AND ORDER - 3

evidence that his situation would be any different. Further, even if he were required to attend the hearing remotely, such would not be problematic per se. *See Samuel*, 663 F. App'x at 514; *Marks*, 530 F.3d at 813.

Similarly, surrender to BOP custody will not prevent McCandless from assisting his counsel in preparing for the restitution hearing. As the Government notes, upon surrender, McCandless and his counsel will simply be required to meet in McCandless's BOP facility or converse over the phone. Dkt. 104, at 2.

This district has extended voluntary surrender timelines in the past. For example, in *United States v. Matthaei*, the Court granted a limited extension to a defendant with serious health problems who had concerns about exposure to COVID-19 in his BOP facility. 2020 WL 1443227, *1 (D. Idaho Mar. 16, 2020). However, McCandless has not shown that any similarly serious concerns are present here. Absent such a showing, and because McCandless has not shown that surrender to BOP custody will impede his hearing preparation or his ability to attend the restitution hearing, the Court finds no reason to grant McCandless's request for an extension. Accordingly, McCandless's Motion is DENIED.

## V. CONCLUSION

McCandless has not shown that his surrender to BOP custody will impair his ability to prepare for the restitution hearing in this case, nor that it will prevent him from attending the restitution hearing. His circumstances do not mirror past instances where the Court has granted an extension to voluntary surrender dates. Accordingly, the Court DENIES his Motion.

## VI. ORDER

**IT IS HEREBY ORDERED:**

1. McCandless's Motion for Extension of Time to Voluntarily Surrender (Dkt. 103) is DENIED.

DATED: August 12, 2024

_____
David C. Nye
Chief U.S. District Court Judge